IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

TOLTEST, INC.,

                Plaintiff,                Case No. 3:03 CV 7315

   -vs-

                                        MEMORANDUM   OPINION
KAREN NELSON-DELK,                      AND   ORDER

               Defendant.

KATZ, J.

This matter is before the Court on an unopposed motion for intervention. This Court has jurisdiction pursuant to 28 U.S.C.§ 1332. Intervention under the Federal Rules occurs either as of right or by permission. Fed. R. Civ. P. 24. Permissive intervention is prescribed by Fed. R. Civ. P. 24(b):

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

In the Sixth Circuit, a court may grant a 24(b) motion as long as there is at least one common question of law or fact, and the court's balancing of the risk of undue delay, prejudice to the original parties, and any other relevant factors does not constitute an abuse of discretion. *Michigan State v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997) (citing *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991)). Generally, a district court has broad discretion in determining

permissive intervention. *South Dakota ex rel. Barnett v. United States Dep't of Interior*, 317 F.3d 783, 787-788 (8th Cir. 2003).

Here, the applicant for permissive intervention, State Farm Fire and Casualty Company ("State Farm"), seeks to intervene on behalf of Defendant/Counter-Plaintiff Karen Delk ("Delk"). Delk holds an insurance policy from State Farm that has covered Delk's losses of real and personal property, which are the subject of this litigation. Plaintiff/Counter-Defendant, TolTest, Inc. ("TolTest") is a mold remediation contractor whom Delk has claimed is responsible in part for the real and personal property damage that was the subject of an insurance claim submitted by Delk to State Farm. State Farm has paid to Delk and/or on her behalf funds in the amount of $416,920.15 as a result of a claim that stated TolTest had damaged Delk's property while renovating and/or remediating Delk's property (property insured by State Farm) in the wake of an ice damming incident. In other words, State Farm has become subrogated to the rights of its policyholder Delk, and thus has an interest in the outcome of the instant action.

State Farm's motion to intervene and Delk's counter-claim against TolTest both arise from the alleged damage that Delk contends resulted from TolTest's actions. Thus, a common question of fact exists. State Farm's interests as an intervenor and Delk's interests as Defendant/Counter-Plaintiff also share a common question of law regarding whether Delk is entitled to prevail in her counter-claim against TolTest for the alleged damage to Delk's property. As such, there are common questions of law and fact that satisfy the requirements of Fed. R. Civ. P. 24(b).

Balancing the risk of undue delay, prejudice to the original parties, and other relevant factors strikes in favor of granting permissive intervention by State Farm. There is no discernible risk of either undue delay or prejudice to TolTest or Delk that would result from State Farm's

intervention on behalf of Delk. Furthermore, State Farm's application to intervene has not been contested by any other party. These 24(b) factors strike the balance in favor of the court permitting intervention by State Farm on behalf of Delk.

Therefore, because this Court finds that the requirements of Fed. R. Civ. P. 24(b) – that there be a common question of law or fact and that there not be an inordinate risk of undue delay or prejudice – are met, State Farm's Motion to Intervene on Behalf of Defendant/Counter-Plaintiff Delk (Doc. No. 63-1) is hereby granted.

IT IS SO ORDERED.

                                         s/ *David A. Katz*
                                         DAVID A. KATZ
                                         U. S. DISTRICT JUDGE