IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

TOLTEST, INC.,

                  Plaintiff,              Case No. 3:03 CV 7315

  -vs-

                                         MEMORANDUM OPINION
KAREN NELSON-DELK,                     AND ORDER

                  Defendant.

KATZ, J.

      This matter comes before the Court on Plaintiff TolTest's motions in limine (Doc. 128, 129, 135) and Defendant/Counter-Claimant Karen Nelson-Delk's motion for sanctions (Doc. 132). For the reasons stated below, and in the parties' briefs, and consistent with this memorandum and the memorandum of law at Doc. 142 issued April 22, 2008, Plaintiff's motions in limine ( Doc. 128 and 135) are hereby granted in part and denied in part; Plaintiff's motion in limine at Doc. 129 is hereby granted; and Defendant's motion for sanctions (Doc. 132) is hereby denied without prejudice.

      Plaintiff's first motion in limine is to exclude certain of Defendant's listed potential expert witnesses. The list includes witnesses who were deposed, and some who were not deposed. As to those deposed, the Court will not exclude them as witnesses. The subject of their testimony will be limited to those opinions as to which opposing counsel had opportunity to inquire at depositions prior to trial. As to those proposed experts who were not deposed, they will be excluded as expert witnesses due to lack of Rule 26 compliance stemming from the lack of a compliant expert report and the lack of meaningful opportunity to cross examine at deposition. As

such, Plaintiff's motions in limine to exclude experts are granted in part, and denied in part, consistent with this order.

Plaintiff also has moved to exclude evidence not relevant to the remaining claims in this case. Plaintiff's position is a truism, and as such, the motion is hereby granted to the extent that any evidence not relevant to the claims remaining in light of the Court's memorandum of law issued April 22, 2008 (Doc. 142) shall be excluded at trial, and shall not be introduced as part of either party's opening statement or proffers of evidence. (Doc. 129.)

Defendant's motion for sanctions is duly noted, but denied. (Doc. 132.) The Court finds sanctions unwarranted at this point. The denial at this juncture is without prejudice against raising the same arguments after trial.

IT IS SO ORDERED.

          S/ *David A. Katz*
          DAVID A. KATZ
          U. S. DISTRICT JUDGE